C4



**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

Ailyn Abin
Assistant U.S. Attorney
Ailyn.Abin@usdoj.gov

970 Broad Street, 7th floor
Newark, New Jersey 07102
(973) 645-2704

May 8, 2019

Roy Greenman, Esq.
Budin, Greenman & Greenman
1379 Morris Avenue
Union, NJ 07083

Re:  <u>Plea Agreement with Taoheed Olugbode</u>

Dear Greenman:

This letter sets forth the plea agreement between your client, Taoheed Olugbode, and the United States Attorney for the District of New Jersey ("this Office"). The government's offer to enter into this plea agreement will expire on **May 15, 2019** if it is not accepted in writing by that date.

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Taoheed Olugbode to a two-count Information that charges that: (1) Taoheed Olugbode conspired with others to use an authorized access device, in violation of Title 18, United States Code, Section 1029(b)(2) (Count One); and (2) Taoheed Olugbode used an unauthorized access device in exchange for a thing of value, in violation of Title 18, United State Code, Section 1029(a)(2) (Count Two). If Taoheed Olugbode enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Taoheed Olugbode arising out of his role using unauthorized access devices between in or around May 2017 and in or around January 2018.  However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Taoheed Olugbode agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Taoheed Olugbode may be

commenced against him, notwithstanding the expiration of the limitations period after Taoheed Olugbode signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1029(b)(2) in Count One to which Taoheed Olugbode agrees to plead guilty carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of: (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 18 U.S.C. § 1029(a)(2) in Count Two to which Taoheed Olugbode agrees to plead guilty carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Taoheed Olugbode is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Taoheed Olugbode ultimately will receive.

Further, in addition to imposing any other penalty on Taoheed Olugbode, the sentencing judge: (1) will order Taoheed Olugbode to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Taoheed Olugbode to pay restitution pursuant to 18 U.S.C. § 3663A; (3) may order forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; and (4) pursuant to 18 U.S.C. § 3583, may require Taoheed Olugbode to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Taoheed Olugbode be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Taoheed Olugbode may be sentenced to

not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Taoheed Olugbode by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Taoheed Olugbode's activities and relevant conduct with respect to this case.

Stipulations

This Office and Taoheed Olugbode agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Taoheed Olugbode from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Taoheed Olugbode waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing,

including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Restitution

      Taoheed Olugbode agrees to pay full restitution, regardless of the resulting loss amount, to all victims directly or indirectly harmed by the defendant's "relevant conduct," including conduct pertaining to any dismissed counts or uncharged conduct, as defined by U.S.S.G. § 1B1.3, regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A. The defendant understands that such restitution will be included in the Court's Order of Judgment and an unanticipated amount of a restitution order will not serve as grounds to withdraw the defendant's guilty plea.

      Upon demand, Taoheed Olugbode shall submit a personal financial disclosure statement under oath, and, if requested, submit to interviews and/or deposition by the United States Attorney's Office and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. Taoheed Olugbode expressly authorizes the United States Attorney's Office to immediately obtain a credit report on him in order to evaluate his ability to satisfy any financial obligation imposed by the Court. Taoheed Olugbode fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately.

      Monetary penalties imposed by the Court will be: (i) subject to immediate enforcement as provided for in 18 U.S.C. § 3613, and (ii) submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect the periodic payment schedule.

Forfeiture

      As part of his acceptance of responsibility, Taoheed Olugbode agrees to forfeit to the United States (i) pursuant to 18 U.S.C. § 982(a)(2)(B), any property, real or personal, constituting, or derived from, proceeds Taoheed Olugbode obtained directly or indirectly as a result of the offenses charged in Counts One and Two of the Information; and (ii) pursuant to 18 U.S.C. § 1029(c)(1)(C), all of his right, title, and interest in any personal property that was used or intended to be used to commit or to facilitate the commission of the offense charged in Counts One and Two of the Information. Taoheed Olugbode further agrees that that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, and that the United States is therefore entitled to forfeit substitute assets equal to the value of the proceeds obtained by the defendant. Taoheed Olugbode consents to the entry of a forfeiture money judgment in such

amount (the "Forfeiture Money Judgment").  Taoheed Olugbode also agrees, as part of his acceptance of responsibility, to the forfeiture of all property, real or personal, that constitutes or is derived from proceeds traceable to the conduct charged in Counts One and Two of the Information.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.  The defendant further agrees that upon entry of the Forfeiture Money Judgment, Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

Taoheed Olugbode waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  The defendant understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.  The defendant waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.   It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Taoheed Olugbode further agrees that no later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office.  If Taoheed Olugbode fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that Taoheed Olugbode has intentionally failed to disclose assets on his Financial Disclosure Statement, Taoheed Olugbode agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

- 5 -

Immigration Consequences

       Taoheed Olugbode understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Taoheed Olugbode understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Taoheed Olugbode wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Taoheed Olugbode understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Taoheed Olugbode waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

       This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

       This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Taoheed Olugbode. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against Taoheed Olugbode.

       No provision of this agreement shall preclude Taoheed Olugbode from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Taoheed Olugbode received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the plea agreement between Taoheed Olugbode and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: AILYN ABIN
Assistant U.S. Attorney

APPROVED:

DAVID M. ESKEW
Chief, Health Care & Government Fraud Unit

- 7 -

I have received this letter from my attorney, Roy Greenman, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


_____          Date:   5/13/19
Taoheed Olugbode


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_____          Date:   5/13/19
Roy Greenman, Esq.
Counsel to Taoheed Olugbode


- 8 -

Plea Agreement with Taoheed Olugbode
Schedule A

1. This Office and Taoheed Olugbode recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Taoheed Olugbode nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Taoheed Olugbode within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Taoheed Olugbode further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2018, applies in this case.

Count One

3. The applicable guideline is U.S.S.G. § 2B1.1(a)(2), which carries a Base Offense Level of 6.

4. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(H) applies in that the loss was greater than $550,000 but less than $1,500,000. This Specific Offense Characteristic results in an increase of 14 levels.

5. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(2) applies in that the offense involved ten or more victims. This Specific Offense Characteristic results in an increase of 2 levels.

6. Accordingly, the offense level for Count One is 22.

Count Two

7. The applicable guideline is U.S.S.G. § 2B1.1(a)(2), which carries a Base Offense Level of 6.

8. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(H) applies in that the loss was greater than $550,000 but less than $1,500,000. This Specific Offense Characteristic results in an increase of 14 levels.

9. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(2) applies in that the offense involved ten or more victims. This Specific Offense Characteristic results in an increase of 2 levels.

10. Accordingly, the offense level for Count Two is 22.

<u>Grouping</u>

11. Pursuant to U.S.S.G. § 3D1.2, the offense levels for Counts One and Two group together because they involve substantially the same harm.

12. Accordingly, the combined offense level for the group is 22 under U.S.S.G. § 3D1.4.

<u>Acceptance of Responsibility</u>

13. As of the date of this letter, Taoheed Olugbode has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Taoheed Olugbode's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

14. As of the date of this letter, Taoheed Olugbode has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1 point reduction in Taoheed Olugbode's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Taoheed Olugbode enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Taoheed Olugbode's acceptance of responsibility has continued through the date of sentencing and Taoheed Olugbode therefore qualifies for a 2 point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Taoheed Olugbode's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

15. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Taoheed Olugbode is 19 (the "agreed total Guidelines offense level").

16. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 19 is reasonable.

17. Taoheed Olugbode knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 18 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level

of 19.  This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 19.  The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.  The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.  Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

18. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.